UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                              :
MARTINA HOWELL, et al.,                                       :
                                                              :
                                  Petitioner,                 :            25-CV-02916 (JAV)
                                                              :
              -v-                                             :            OPINION AND ORDER
                                                              :
THE STATE OF NEW YORK,                                        :
                                                              :
                                  Respondent.                 :
                                                              :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Through next friend Mark Marvin, Petitioners Jesus Benitez Jiminez, Martina Howell, and Hector Huerta Cazalez filed this notice of removal, purporting to remove various criminal cases from the City Court of Middletown New York. ECF Nos. 1, 3.[1]  Petitioner Cazalez additionally seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that his pretrial detention in state court is unconstitutional.  ECF No. 1.  For the reasons that follow, the petition for a writ of habeas corpus is DENIED without prejudice, and the criminal actions are REMANDED to state court.

## BACKGROUND

Petitioners represent that they have repeatedly been subject to arrest and criminal charges by local authorities in Middletown, New York, purportedly for trespass and disorderly conduct, but in fact as the product of discrimination on the

---

[1] Mr. Marvin incorporates his initial filing at ECF No. 1 into the amended petition at ECF No. 3.

basis of their Native American or foreign national status.   ECF No. 1 at 2-4.   For example, Martina Howell alleges that she was arrested by six officers for "praying too long," but in reality for looking like an "undocumented Mexican, vulnerable to deportation," even though she is Native American and a United States citizen.   *Id.* at 3.   She further alleges she was charged with disorderly conduct in docket number CR-004277-24 on an unspecified date, and on February 8, 2025, with criminal trespass at the Saint Joseph Roman Catholic Church.   *Id.* at 2.

Petitioners Howell and Cazalez additionally seek to remove a criminal case with docket number CR-00768-24 filed in the City Court of Middletown New York, in which they were charged with trespassing on the grounds of a Baptist Church. *Id.* at 2.   They similarly seek to remove a criminal trespass action with docket number CM-032118-24, which Petitioners allege stems from their eviction from their residence.   Howell and Cazalez were also purportedly charged with "aggravated misdemeanor excessive worship" in the public chapel.   *Id.* at 3. Cazalez was arrested for not appearing at four court hearings, and as of March 2025 was incarcerated at the Orange County Jail.   *Id.* at 4.

Petitioner Jimenez alleges that he is a Native American that has been charged "with the same trespassing crimes," and thus is "legally entitled to remove the state court proceedings."   ECF No. 3.

## DISCUSSION

### A.  Removal of Criminal Cases

Criminal cases may be removed to federal court in very limited

circumstances, and the removing defendants have the burden of establishing that a case is within the federal district court's removal jurisdiction.   *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *see also Gonzalez v. Clark*, No. 19-CV-10542 (CM), 2019 WL 6878546, at *1 (S.D.N.Y. Dec. 16, 2019).   Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), and "[i]f it clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that removal [of a criminal case] should not be permitted, the court shall make an order for summary remand," 28 U.S.C. § 1455(b)(4).

The notice of removal of a criminal action must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," 28 U.S.C. § 1455(b)(1), along with a copy of all process, pleadings, and orders served upon such defendants in the action, *id*. § 1455(a).   "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded," 28 U.S.C. § 1455(b)(3).   If the federal court determines that removal shall be permitted, and the defendant is in custody on process issued by the State court, the "district court shall issue its writ of habeas corpus" and take defendant into the marshal's custody."   *Id*. § 1455(c).

3

Here, even construing the Petitioners' allegations liberally, the record is unclear if the procedural requirements of 28 U.S.C. § 1455(b)(1) have been met. The arraignment dates for these various criminal charges are not set forth in the papers, but based upon the docket numbers, these criminal cases appear to all date from 2024 to February 2025.   The Notice of Removal was filed on April 4, 2025.   It thus appears that removal may have been untimely.   Additionally, Petitioners have not submitted any of the process or pleadings from their criminal cases.

However, even assuming Petitioners had demonstrated compliance with the procedural requirements for removal, the Notice of Removal fails to include facts that would suggest removal of these criminal actions properly falls within the narrow statutory requirements of 28 U.S.C. §§ 1442 or 1443.   Removal of a criminal action to federal court is restricted to the following extremely limited class of circumstances: 1) where a criminal action in State court is commenced against a federal officer or member of the armed forces for actions taken under the color of office, 28 U.S.C. § 1442(a); and 2) where a criminal action is commenced in State court and the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).   Petitioners do not claim to be federal officers or members of the armed forces, so presumably removal is sought under Section 1443.

Removal under Section 1443 is permitted only where (1) "the right allegedly denied the removal petitioner [in state court] arises under a federal law providing

for specific civil rights stated in terms of racial equality,'" and (2) it appears on the face of the notice that the removal petitioner is denied or cannot enforce the specified federal rights in state court.  *New York v. Best*, No. 23-CV-26, 2023 WL 198736, at *1 (E.D.N.Y. Jan. 17, 2023) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).  "Moreover, section 1443(1) normally requires that the denial be manifest in a formal expression of state law, unless an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court."  *Crown Asset Mgmt., LLC v. Cunningham*, No. 22-938, 2022 WL 17660543, at *1 (2d Cir. Dec. 14, 2022) (summary order).  The statute applies only in "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."  *Johnson*, 421 U.S. at 220.

Accordingly, in order to remove a criminal matter to federal court under Section 1443, "the removal petition must contain sufficient facts to show that there was such a denial by the state court and a citation or reference to a state law that deprived the petitioner of equal protection."  *Murray v. Hy Cite Corp/Royal Prestige*, 150 F. Supp. 2d 527, 530 (E.D.N.Y. 2001).

Petitioners allege in the Notice of Removal that they are innocent of the crimes with which they were charged by local police, and that the reason for their arrests was their race, ethnicity, or national origin.  These allegations, standing alone, fail to satisfy the second prong of Section 1443.  Nothing in the Notice of

Removal suggests that this case rises to the "rare situation" where the denial of a right to racial equality is manifest in a formal expression of state law, or that the state court could not vindicate any claims of racial targeting in their state court criminal proceedings.    "The purpose of the second prong 'deny or cannot enforce' requirement is to give state courts the power and opportunity to correct alleged denials of a citizen's civil rights whenever possible, and thereby to avoid unnecessary federal interference with state judicial processes."    *Town of Poughkeepsie v. S. Rd. Hosp. LLC*, No. 23-CV-04214 (PMH), 2024 WL 1156083, at *4 (S.D.N.Y. Mar. 18, 2024) (cleaned up).    "'The vindication of the defendant's federal rights is left to the state courts except in the *rare situations* where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'"    *Id.* (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966)).    As Petitioners have not alleged any facts that suggest that their federal rights have been denied by the state court, or that they cannot enforce those rights in state court, removal is improper under Section 1443.

## B. Habeas Petition

Petitioner Cazalez also seeks to challenge his pretrial detention pursuant to 28 U.S.C. § 2241.    "A prisoner in state custody generally must challenge his confinement in a habeas corpus petition brought under 28 U.S.C. § 2254, but such relief is available, under Section 2241, to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law."    *Bay v. People of*

*Supreme Ct.*, No. 23-CV-3199 (LTS), 2023 WL 5111386, at *1 (S.D.N.Y. July 5, 2023) (citing 28 U.S.C. § 2241(c)(3)).   Yet before a federal court can grant relief under Section 2241 to an individual in state court custody, principles of federalism require that such petitioner must first have exhausted all potential state court remedies.   *See, e.g., U. S. ex rel. Scranton v. State of N. Y.*, 532 F.2d 292 (2d Cir. 1976).

"To exhaust state remedies, a petitioner must fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it."   *Alexander v. Warden of NYC*, No. 25-CV-00624 (DG), 2025 WL 1296063, at *2 (E.D.N.Y. May 5, 2025) (cleaned up).   "In the pretrial context, such exhaustion includes seeking habeas corpus relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court."   *Bay*, 2023 WL 5111386, at *2; *see also Jordan v. Bailey,* 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013), *aff'd,* 570 F. App'x 42 (2d Cir. 2014).

Nothing in the pending petition suggests that Cazalez has pursued any state court habeas remedies, let alone appealed any habeas denials to the highest state court.   Accordingly, Petitioner's habeas petition is denied without prejudice to renewal when all state court remedies have been exhausted.

## C. **Leave to Amend**

District courts generally grant a *pro se* litigant an opportunity to amend an initial pleading to cure its defects, but leave to amend is not required where it

would be futile.   *See Bay*, 2023 WL 5111386, at *2.   Because the defects in the petition cannot be cured with an amendment, the Court declines to grant Petitioners leave to amend.

**CONCLUSION**

The Court denies the petition for a writ of habeas corpus without prejudice. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.   *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to remand the removed criminal cases to City Court of Middletown New York, to mail a copy of this Opinion and Order to Petitioners, and to close this case.

SO ORDERED.

Dated: May 12, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge